80,083-02

No. CRA - 18,357-B

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | 142 ND JUDICIAL DISTRICT |
| KENNETH WATSON | § | MIDLAND COUNTY, TEXAS |

**MOTION DENIED**
DATE: 10-15-15
BY: R.C.

APPLICANT'S OBJECTION TO THE DISTRICT JUDGE'S ORDER ON SUBSEQUENT POSTCONVICTION WRIT of HABEAS CORPUS, FOLLOW-ING FINDINGS of FACT, CONCLUSION of LAW AND RECOM-MENDATIONS.

APPLICANT, KENNETH WATSON FILES THIS OBJECTION TO THE DISTRICT JUDGE'S REPORT.

**RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 14 2015
Abel Acosta, Clerk**

I.

APPLICANT'S MOTION TO RECUSE TRIAL JUDGE FROM HEARING 11.07

1. THE TRIAL JUDGE FAILURE TO RECUSED HIMSELF IN HEARING APPLICANT'S 11.07 REGARDING TEX. R. CIV. P. 18 a (e).

2. APPLICANT WAS ILLEGALLY AND UNLAWFULLY ALLOWED TO BE SENT TO TRIAL, BY THE TRIAL JUDGE ON THE INDICTMENT "DID NOT SET FORTH A CASE ARISING UNDER TEXAS PENAL CODE" AT THE TIME of HIS ARREST AND SENTENCING, ON A VOID ARREST AND DETENTION DOCUMENT.

3. THE TRIAL JUDGE ILLEGALLY APPROVED of THE VOIDED VERDICT DUE TO THE ILLEGALLY ARREST AND DETENTION THE TRIAL COURT BIAS ACTS of OMISSIONS AND COMMIS-SION ILLEGALLY SENTENCE APPLICATION TO 25 YEAR IN TDCJ. THE TRIAL COURT LACKED LEGAL JURISDICTION, THE APPLICANT CAN NOT RECEIVED A FULL AND FAIL 11.07 REVIEW BY TRIAL COURT.

(1)

## II
## ALLEGATIONS of THE APPLICANT

THE APPLICANT WAS 'ARRESTED' FOR THE 'ALLEGED' OFFENSE of INDECENCY of A CHILD WITH A DEADLY WEAPON IN OCTOBER 15, 1991. APPLICANT WAS CHARGED BY THE INDICTMENT FOR SAID OFFENSE UNDER THE TEXAS PENAL CODE § 21.11 IN CAUSE NO. CRA-18,357. THE 'INDICTMENT' "DID NOT SET FORTH A CASE ARISING UNDER THE PENAL CODE AT THE TIME of THE APPLICANT'S ARREST AND SENTENCING." AND THE NEW LAW of THE TEXAS PENAL CODE 'DID NOT GO' INTO EFFECT TIL' SEPTEMBER 1, 1994. SEE: 1993 TEXAS GENERAL LAW 3705 § 1.18 (A) (B), AND § 1.16 (REPEAL of THE REPEALING STATUTE WAS TO TAKE EFFECT SEPTEMBER 1, 1993, WHICH HAS NO FORCE OR EFFECT, IN VIOLATION of STATUTORY AND CONSTITUTIONAL MANDATES. SEE: TEXAS CONSTITUTION ART. 3 § 36 ; 1985 TEXAS GENERAL LAW, CHAPTER 497 § 1.

THE REPEAL of THE TEXAS PENAL CODE § 21.11 DEPRIVED THE COURT JURISDICTION, THUS IT IS SAID IN A GENERAL SENSE THAT SUBJECT MATTER JURISDICTION REFERS TO THE POWER of COURT TO HEAR AND DECIDE A CASE. APPLICANT 'AGREE' THAT BEFORE A COURT IS AUTHORIZED TO HEAR A CRIME, THERE MUST FIRST BE A VALID LAW, AND IF A LAW IS INVALID THERE IS NO CRIME; IF THERE IS NO CRIME THERE IS NO SUBJECT MATTER JURISDICTION. 22 CORPUS JURIS SECUNDUM, "CRIMINAL LAW," § 157, P. 184; JURISDICTION IS BROUGHT TO A COURT BY WAY of A COMPLAINT, INFORMATION OR INDICTMENT, AND IF THESE INSTRUMENT FAIL TO CHARGE A CRIME, THERE CAN BE NO SUBJECT MATTER JURISDICTION; AND WITHOUT A FORMAL AND SUFFICIENT INDICTMENT OR INFORMATION, A COURT DOES NOT ACQUIRE SUBJECT MATTER JURISDICTION AND THUS AN ACCUSED MAY NOT BE PUNISHED.

COURTS ARE CONSTITUTED BY AUTHORITY AND THEY CANNOT GO BEYOND THAT POWER DELEGATED TO THEM.

IF THEY ACT BEYOND THAT AUTHORITY, AND CERTAINLY IN CONTRAVENTION OF IT, THEIR JUDGMENT AND ORDER ARE REGARDED AS NULLITIES; THEY ARE NOT VOIDABLE, BUT SIMPLY VOID.

## NECESSITY FOR AN EVIDENTIARY HEARING

THERE IS A NECESSITY FOR AN EVIDENTIARY HEARING BECAUSE THERE ARE FACTS IN ISSUE WHICH CAN BE ASCERTAINED FROM THE RECORD WITH REASONABLE CERTAINTY.

THERE IS NO DISCRETION TO IGNOR LACK OF SUBJECT MATTER JURISDICTION. THE BURDEN SHIFTS TO THE COURT TO PROVE JURISDICTION; THE COURT MUST PROVE ON THE RECORD, ALL JURISDICTION FACTS RELATED TO THE JURISDICTION ASSERTED. THE LAW PROVIDES THAT ONCE STATE AND FEDERAL JURISDICTION HAS BEEN CHALLENGED, IT MUST BE PROVEN; JURISDICTION, ONCE CHALLENGED, CANNOT BE ASSUMED AND MUST BE DECIDED.

## FINDINGS OF FACT, CONCLUSION OF LAW AND RECOMMENDATION

1. THE STATE COURT AVERT THAT APPLICANT WAS PREVIOUSLY CONVICTED IN CAUSE NUMBER CRB 14,674 IN THE 238TH DISTRICT COURT OF MIDLAND COUNTY, TEXAS ON THE 17TH DAY OF JUNE, 1998 OF THE FELONY OFFENSE OF UNAUTHORIZED USE OF A MOTOR VEHICLE AND SENTENCED TO 25 YEARS IN PRISON. LIKEWISE APPLICANT WAS CONVICTED IN CAUSE NUMBER CRB-14,788 IN THE 238 TH DISTRICT COURT OF MIDLAND COUNTY, TEXAS ON THE 17 TH DAY OF JUNE, 1998 OF THE FELONY OFFENSE OF ROBBERY AND SENTENCED TO 25 YEARS IN PRISON IN THE SAME DAY; WHEN IN FACT APPLICANT WAS INCARCERATE AT THE TIME OF THESE INCIDENTS. WHEN THIS COURT SUSTAINS TO ANOTHER A POSITION OF TRUST AND CONFIDENCE, HIS FAILURE TO DISCLOSE FACTS THAT HE HAS A DUTY TO DISCLOSE IS AS SUCH A FRAUD AS AN ACTUAL MISREPRESENTATION.

(3)

## APPLICANT'S COMPLAINT IN GROUND ONE

THE TRIAL COURT LACKED JURISDICTION TO HEAR CAUSE AND PRESENT CAUSE TO THE JURY OR SET FOR TRIAL. APPLICANT AVERS THAT THE INDICTMENT "DID NOT SET FORTH A CASE ARISING UNDER THE TEXAS PENAL CODE" AT THE TIME of HIS ARREST AND SENTENCING, AND THAT THE NEW TEXAS PENAL CODE 'DID NOT' GO INTO EFFECT TIL' SEPTEMBER 1, 1994. SEE 1993 TEXAS GENERAL LAW 3705 § 1.18 (A) (b), AND ANY CHANGE IN THE LAW MADE BY THAT ARTICLE APPLIES ONLY TO OFFENSES COMMITTED 'ON' OR 'AFTER' THE EFFECTIVE DATE, SEPTEMBER 1, 1994, SEC., 1.18 AND UNDER: 1.19 (b), AND § 1.16 (REPEAL of THE REPEALING STATUTE WAS TO TAKE EFFECT SEPTEMBER 1, 1993, WHICH HAS NO FORCE OR EFFECT, IN VIOLATION of STATORY AND CONSTITUTIONAL MANDATES. SEE TEXAS CONSTITUTION ART. 3 § 36; 1985 TEXAS GENERAL LAW, CHAPTER 497 § 1. AND THIS VOIDS THE APPLICANT'S CONVICTION, ANY AND ALL EVIDENCE DUE TO THE TRIAL COURT NOT HAVING LEGAL JURISDICTION OVER APPLICANT IN THIS INSTANT CAUSE.

THE TRIAL COURT HAS FAILURE TO REBUTTAL THIS PRESUMPTION, NOT ONLY THAT, BUT EXPLAIN WHY THE 'ACT 1973, 63 Rd. LEG., CH. 399 S.B. NO. 34, EFF. JAN. 1, 1974' STATES: AN ACT REFORMING THE PENAL LAW; ENACTING A NEW PENAL CODE SETTING OUT GENERAL PRINCIPLES, DEFINING OFFENSES & FIXING PUNISHMENTS, MAKING NECESSARY CONFORMING AMENDMENTS TO OUTSIDE LAW; REPEALING REPLACING LAW; AND DECLARING AN EMERGENCY." SO THE PENAL CODE BEING REPEAL FOR 20 YEAR...

THE TRIAL COURT TRYING TO ATTACH APPLICANT AS BEING AS A 'ACTOR' IN PENAL CODE § 1.07 (a) (a) "ACTOR" MEAN A

PERSON WHOSE CRIMINAL RESPONSIBILITY IS IN ISSUE IN A CRIMINAL ACTION. WHENEVER THE TERM "SUSPECT" IS USED IN THIS CODE, IT MEANS "ACTOR." PENAL CODE § (38) "PERSON" MEAN AN INDIVIDUAL, CORPORATION, OR ASSOCIATION OR AGENT. THE TRIAL COURT IS WITHOUT MERIT.

## CONCLUSION

APPLICANT AVERS THAT THE LEGAL DUTY OWED TO HIM BY THE DEFENDANT /OR TRIAL COURT EXIST WITHIN THE TEXAS GOVERNMENT CODE § 22.221 (a)(b), WHERE TRIAL COURT MUST IN A REASONABLE MANNER RULE UPON THIS WRIT OF HABEAS CORPUS AND DISMISS THIS CASE, BECAUSE THIS COURT LACK OF SUBJECT MATTER JURISDICTION, AND IT'S WITHOUT MERITS.

## CERTIFICATE OF SERVICE

THAT APPLICANT, KENNETH WATSON, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT TO COURT OF CRIMINAL APPEAL IN AUSTIN, TEXAS, A COPY WAS SENT TO DISTRICT ~~CLEAR~~ CLERK ROSS BUSH, IN THE 142TH DISTRICT COURT OF MIDLAND COUNTY, TEXAS, BY AND THROUGH THE NEAL UNIT MAIL BOX U.S. POSTAL MAIL.

EXECUTED ON SEPTEMBER 8, 2015

CC/KW.
CC/ COURT OF CRIMINAL APPEAL.
CC/ DISTRICT CLERK ROSS BUSH.

RESPECTFULLY SUBMITTED,
/s/
KENNETH WATSON
NEAL UNIT
9055 SPUR 591
AMARILLO, TEXAS 79107

(5)